## Bean v. Bean

*Leonard Frawley,* for plaintiff.
*Brian Bean,* in *propria persona.*

SMITH, *P.J.,* February 26, 1993—Defendant has filed exceptions to this court's order of November 2, 1992, which was based upon the findings and recommendation of the master. The order directed defendant to pay child support in the amount of $92 per week plus the sum of $40 per week toward an arrearage which has accrued since March 1, 1992, the date that defendant became unemployed.

Defendant has raised three issues in his exceptions. He contends that he should not have been ordered to

pay support in the amount of $92 per week given that plaintiff has listed expenses of only $81 per month; he contends that his support obligation should be reduced by the sum of $123 per month, the sum which defendant is paying on a loan for an automobile which was totaled in an accident and which would be paid in full but for plaintiff's failure to sign a release and the title to the automobile; he contends that the master erred in directing that he pay the sum of $40 per week towards the current arrearage, as his current income is only $304 per week and the total of $132 per week is confiscatory.

Defendant's second and third exceptions can be disposed of easily. The court agrees with plaintiff that defendant's remedy to obtain a release and title to the wrecked automobile is not to deprive the children of needed support. Instead, defendant should pursue whatever civil remedies may be available to obtain satisfaction of his claim against plaintiff. In fact, defendant has filed to this action a petition seeking a court order directing plaintiff to sign the release and other papers necessary to settle the insurance claim. That motion is scheduled for hearing on April 7, 1993, and presents the best opportunity for the court to consider the parties' respective claims on that issue. Additionally, defendant's exception to the rate at which he is obligated to pay the arrearage is meritless. The order is not confiscatory as defendant is obligated to pay approximately 43 percent of his income towards child support. On January 27, 1993, the Pennsylvania Supreme Court enacted new Rules of Civil Procedure governing actions for support and those new rules contemplate support payments of as much as 50 percent of an obligor's income available for support. See *e.g.* Rule 1910.16-5(n). Furthermore, defendant could have avoided an arrearage by paying that

support which he was obligated to pay while the arrearage was accruing.

The only substantial issue presented by defendant's exceptions is whether a support order which is in excess of the amount of child support expenses set forth in the income and expense statement, and where there is no other evidence of the expenses for the children, is excessive. Again, the support guidelines dictate the result. Rule 1910.16-1(a) of the Pennsylvania Rules of Civil Procedure provides that "[t]he amount of support to be awarded ... *shall* be determined in accordance with the support guidelines ... set forth in Rule 1910.16-2...." (emphasis added) While Rule 1910.16-4(b) sets forth various factors which may be considered by the court in deciding whether to deviate from the amount of support determined by the guidelines, there is no provision for reducing a child support obligation merely because the obligee fails to establish that the actual needs of the child or children are equal to or greater than the amount of support dictated by the guidelines.[1] Accordingly, defendant's first exception is also without merit.

## ORDER

And now, February 26, 1993, following argument conducted on February 19, 1993, and for the reasons set forth in the accompanying opinion, defendant's exceptions are hereby denied and dismissed.

---

1. The court does not hereby consider the question whether a parent's support obligation may be reduced when a child's needs are met, in whole or in part, by some other source, for example, a trust fund or social security benefits.